United States District Court
Eastern District of Tennessee
(Knoxville Division)

Jeffrey Braden,
    Petitioner,

v.

United States of America,
    Respondent,

Case No# 3:13-CR-00045-TAV-DCP-7

**FILED**
APR 15 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

Motion To Vacate Judgment under Title 28 USC 2255

Petitioner Jeffrey Braden asking foundations of fundamental substantial protections of due process from this court to uphold retroactive relief against Count (3) Three "Title 18 USC 922(g)(1) Felon in Possession of a Firearm and Ammunition" which violates the laws of the United States, violates the Due Process Clause of the United States Constitution, and results in a fundamental miscarriage of justice, and was entered in excess of the Court's jurisdiction. Petitioner Jeffrey Braden is entitled to Rehaif v. United States,__ U.S.__ 139 S.Ct. 2191 (2019) is retroactive and applies to petitioner conviction needing to be vacated because of these following violations of violations of the Due Process Clause of the United States Constitution, violated laws of the United States, and results in a fundamental miscarriage of justice, and was entered in excess of the Courts jurisdiction.
After Rehaif, petitioner Title 18 USC 922(g)(1) conviction must be vacated because he was charged based on solely upon Title 18 USC 922(g)(1) no longer constitution a crime under the laws of the United States, and therefore, jurisdiction was lacking. The terming knowingly in Title 18 USC 924(a)(2) applies to the both the possession and status elements of 18 USC 922(g) 139 S.Ct. at 2200, and the court explained the term knowingly in 924(a)(2) modifies the verb "violates" and its direct object, which in this case is 922(g). By specifying that a defendant or petitioner may be convicted only if he knowingly violates 922(g). Congress intended to require the Government to establish that the petitioner or defendant knew that he violated the material elements of 922(g).

Those material elements include not only the prohibited conduct (the firearm), court explained, but also the prohibited status that make the possession illegal. Therefore, whereas here the prohibited status is "having been previously" convicted of a crime punishable by imprisonment for a term exceeding one year under Title 18 USC 922(g)(1) the indictment must charge, the government must prove beyond a reasonable doubt, and the jury must be instructed that at the time the defendant or petitioner knowingly possessed a firearm, he also knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and government must prove both that they must prove both that the he both knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm and since there is no much allegation in the grand jury's indictment here because conduct is not simply a violation of any law of the United States, but rather the conduct charged by the grand jury under 922(g)(1) alone, was an incomplete offense upon petitioner Jeffrey Braden and is a non-offense under federal law and if according to supreme court law the correct way to a prosecute Jeffrey Braden petitioner is a prosecution of having both a Title 18 USC 924 (a)(2) and Title 18 USC 922(g)(1) charged against him within indictment, but 924(a)(2) is actually the operative provision with the knowingly violates language modifying 922(g) because the indictment in most cases does not cite 924(a)(2). Nor does the indictment in this

case track the word knowingly violates language in 924(q)(2). And the grand jury did not allege any additional facts from which the now-necessary to be proved knowledge-of-status element may be inferred.

Therefore, there is no assurance from the face of petitioner indictment that the grand jury found the crucial knowledge of status element. The grand jury only expressly charged petitioner knew of his conduct (possession of a firearm and ammunition, not his status at the time of that possession. The indictment thus directly contravened what Rehaif has clarified Congress intended, and what the law requires.

In this respect, the instant case is analogous to United States v. Martinez, 800 F.3d 1293 (11th Cir. 2015) stated the Supreme Court GVR'd for further consideration of the sufficiency of an indictment in light of the its definitive construction of 18 USC 875(c) in Elonis v. United States, 135 S.Ct. 2001 (2015). Elonis held that in a prosecution for making a threatening communication by proving beyond a reasonable doubt that the defendant or petitioner Jeffrey Braden either had the purpose or the knowledge that her communication would be construed as threatening by the recipient. Elonis, 135 S.Ct. at 2012. The Eleventh Circuit further determined that its now-abrogated precedent could not save the grand jury's indictment. Rather, it held that because that indictment failed to allege that the petitioner Jeffrey Braden had any mens rea as to the threatening nature of her communications, and the grand jury did not include any specific facts from which the intent or knowledge required by Elonis could be inferred, the indictment was "insufficient" on its face, and therefore, must be dismissed. See id. at 1295 (explaining that the indictment could not stand after Elonis because it does not meet the Fifth Amendment requirement that the grand jury find probable cause for each of the elements of a violation of 875(c).).

Here, as in Martinez, an intervening decision of the Supreme Court has made clear that the indictment failed to charge a complete-and therefore, any-federal offense. Rather, without the Mens Rea required by Rehaif, what the indictment charged was not a violation of the laws of the United States at all. See Martinez, 800 F.3d at 1295. Here, the grand jury charged only that petitioner Jeffrey Braden violated 18 USC 922(g)(1). But without the addition of 924(q)(2) knowingly requirement, applied to both the status and possession elements in 922(g)(1), the indictment failed to charge a federal crime. Thus here as in Martinez, the indictment was "insufficient" on its face.

The Supreme Court has held firm to the rule that an insufficient indictment may not be amended, cured, or declared "harmless" by a court. That is because the deprivation of the petitioner substantial right under the Fifth Amendment to be tried only on charges presented in the indictment returned by a grand jury is far too serious to be treated as nothing more than a variance and dismissed as "harmless error." (See) Stirone v. United States, 361 U.S. 212 (1960); id at 217 id. at 219 (noting that a conviction on a charge the grand jury never made against a petitioner is fatal error.)

The Eleventh Circuit agreed in United States v. Lang, 732 F.3d 1246, 1249 (11th Cir. 2013) where it found several counts of a currency structuring indictment did not charge a crime. The only way to remedy the defects in the indictment be to rewrite it, and that we may not do. (See): United States v. Haff, 512 F.2d 66, 69 (5th Cir. 1975) A grand jury indictment may be amended only by resubmission to a grand jury unless the charge is merely a matter of form stated in Russell v. United States, 369 U.S. 749, 770-71 (1962) Where a court concerning a count in the indictment fails to charge a crime, the petitioner is entitled to have the judgment vacated and the case remanded with instruction that the indictment be dismissed." Lang, 732 F.3d at 1250.

As the Supreme Court rightly recognized in Stirone, "neither this nor any other court can know that the grand jury would have been willing to charge the crime as mandated not by law. 361 US 217. And it would violate the Fifth Amendment for the Court to usurp the role of the grand jury by speculating to uphold a conviction on an indictment plagued by fatal error. Martinez, Lang, Haff, Russell, & Stirone all require that petitioner's conviction and sentence on the sole count of the indictment be vacated and the charge dismissed.

Petitioner through undersigned pro se proceeding would like this motion to vacate this con-

viction and set aside the Judgment in this case pursuant to 28 USC 2255. Explained about the 18 USC 922(g)(1) must be vacated in light of the Supreme Court recent decision in Rehaif v. United States, ___ U.S. ___, 139 S.Ct 2191 (2019) because Jeffrey Braden petitioner indictment in this case is fatally flawed and does not state a Federal offense. (See) Henderson v. United States, 568 US 266 (2013) errors affected petitioner's substantial rights as the right which can not be taken away with or without court amendment, and convicted Jeffrey Braden of a undicted offense seriously affected the fairness, integrity, and public reputation of judicial proceedings.

## Certificate of Service

I, Jeffrey Braden petitioner does hereby certify - under the penalty of perjury 28 USC 1746(1), that I have served a true and correct copy of the foregoing document(s):

(1) Motion To Vacate Judgment under Title 28 USC 2255

which, pursuant to Houston v. Lack; 487 US 266; 101 L.Ed 2d 108 S.Ct 2379 (1988) is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I have placed the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and I addressed it to:

Attention:

and deposited said envelope via hand delivered to the Mailroom staff at USP-Pollock, P.O. Box 2099, Pollock LA 71467 on this 29th day of March 2022.

Respectfully,

Jeffrey Braden
Jeffrey Braden
Reg # 45921-074
USP-Pollock
P.O. Box 2099
Pollock, LA 71467



Jeffrey S Croden #45924-074
U.S.P Pollock
P.O Box 2099
Pollock, LA 71467

SHREVEPORT LA 710
12 APR 2022 PM 1 L

INSPECTED

Legal Mail

Eastern District of Tennessee
Clerk's office of U.S.D Court
800 market St. Suite 130
Knoxville, Tenn 37902

RECEIVED
APR 15 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

37902-230330